IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNIE ALLEN, ) | |
| EAMON WALSH; ) | |
| ) | CASE NO.: 2:321-cv-1425-AKK |
| Plaintiffs, ) | |
| v. ) | Removed from Circuit Court of |
| ) | Jefferson County, Alabama |
| USAA CASUALTY INSURANCE ) | 01-CV-2021-902805 |
| COMPANY; ) | |
| ) | |
| Defendant. | |

## ANSWER AND MOTION TO DISMISS RECOVERY OF ATTORNEYS' FEES

COMES NOW, USAA Casualty Insurance Company ("USAA CIC" or "the Defendant") and for Answer to the Plaintiffs' Complaint, states as follows:

## PARTIAL MOTION TO DISMISS CLAIM FOR ATTORNEYS' FEES

Recovery of attorneys' fees in Alabama is limited only to those instances where authorized by statute, when provided by contract, or by special equity, such as where a fund is created out of which fees may be paid. *See Reynolds v. First Alabama Bank of Montgomery, N.A.*, 471 So. 2d 1238 (Ala. 1985); *Eagerton v. Williams*, 433 So. 2d 436 (Ala. 1983); *Shelby County Commission v. Smith*, 372 So. 2d 1092 (Ala. 1979).  Here, Plaintiffs' claims in this matter arises from a breach of contract related to benefits claimed to be recoverable under their policy of insurance. *See* Exhibit "A" of Notice of Removal by USAA CIC.  As such, if there is any right

to recover attorneys' fees, it must be through statutory authority. *See also Hartford Acci. & Indem. Co. v. Cosby*, 173 So. 2d 585, 595 (Ala. 1965). However, Plaintiffs have not cited to any statute authorizing the award of attorneys' fees in cases such of this. *See generally,* Exhibit "A" of Notice of Removal by USAA CIC. As such, none of the special circumstances that allow for the recovery of attorneys' fees are applicable in this case. Accordingly, Defendant respectfully requests the Court to enter an order dismissing the Plaintiffs' claims for attorneys' fees.

## ANSWER

## PARTIES, JURISDICTION & VENUE

1. The allegations of paragraph one are, upon information and belief, admitted.

2. The allegations of paragraph two are, upon information and belief, admitted.

3. Defendant is without sufficient information to respond to the allegations of paragraph three, therefore they are denied and Defendant demands strict proof thereof.

4. Defendant admits that it is a corporation organized under the laws of the State of Texas and is authorized to conduct business in the State of Alabama.

## JURISDICTION AND VENUE

5. The allegations of paragraph five are denied.

6.      The allegations of paragraph six are denied.

## BACKGROUND AND STATEMENT OF FACTS

**THE PROPERTY LOSS**

7.      Defendant is without sufficient information to respond to the allegations of paragraph seven, therefore they are denied and Defendant demands strict proof thereof.

8.      Defendant is without sufficient information to respond to the allegations of paragraph eight, therefore they are denied and Defendant demands strict proof thereof

9.      Defendant is without sufficient information to respond to the allegations of paragraph nine, therefore they are denied and Defendant demands strict proof thereof

10.     Defendant is without sufficient information to respond to the allegations of paragraph ten, therefore they are denied and Defendant demands strict proof thereof.

11.     Defendant is without sufficient information to respond to the allegations of paragraph eleven, therefore they are denied and Defendant demands strict proof thereof.

12. Defendant is without sufficient information to respond to the allegations of paragraph twelve, therefore they are denied and Defendant demands strict proof thereof.

13. Defendant is without sufficient information to respond to the allegations of paragraph thirteen, therefore they are denied and Defendant demands strict proof thereof.

14. Defendant is without sufficient information to respond to the allegations of paragraph fourteen, therefore they are denied and Defendant demands strict proof thereof.

15. Denied.

16. Denied.

**THE INSURANCE CLAIM**

17. Defendant admits it issued a policy of insurance to the Plaintiffs. The remaining allegations of paragraph seventeen are denied and Defendant demands strict proof thereof.

18. Denied as worded.

19. Admitted.

20. Defendant admits the Plaintiffs' claim was denied. The remaining allegations of paragraph twenty are denied.

21. Defendant admits it stood by its denial of Plaintiffs' claim. The remaining allegations of paragraph twenty-one do not require a response from this Defendant. To the extent a response is required, the allegations of paragraph twenty-one are denied and Defendant demands strict proof thereof.

22. Admitted.

23. Denied as worded.

24. Admitted.

## COUNT I – ABNORMAL BAD FAITH

25. Defendant reasserts and re-avers its previous answers as if fully set forth herein.

26. The allegations of paragraph twenty-six do not require a response from Defendant. To the extent a response is required, the allegations of paragraph twenty-six are denied and Defendant demands strict proof thereof.

27. Defendant admits the Plaintiffs made a claim for theft. The remaining allegations of paragraph twenty-seven are denied and Defendant demands strict proof thereof.

28. The allegations of paragraph twenty-eight are denied and Defendant demands strict proof thereof.

29. The allegations of paragraph twenty-nine are denied and Defendant demands strict proof thereof.

30. The allegations of paragraph thirty do not require a response from Defendant.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

USAA CIC denies that it breached any duty owed to Plaintiffs.

### SECOND DEFENSE

USAA CIC denies that it owes any duty to Plaintiffs.

### THIRD DEFENSE

USAA CIC is not guilty of the matter and things alleged in the Complaint.

### FOURTH DEFENSE

USAA CIC denies each and every material allegation and demands strict proof thereof.

### FIFTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SIXTH DEFENSE

This Defendant pleads release and satisfaction.

### SEVENTH DEFENSE

This Defendant pleads set-off.

### EIGHTH DEFENSE

This Defendant pleads the doctrine of equity.

## NINETH DEFENSE

This Defendant pleads lack of subject matter jurisdiction.

## TENTH DEFENSE

This Defendant pleads lack of personal jurisdiction.

## ELEVENTH DEFENSE

This Defendant pleads improper venue.

## TWELFTH DEFENSE

This Defendant pleads insufficiency of process.

## THIRTEENTH DEFENSE

This Defendant pleads insufficiency of service of process.

## FOURTEENTH DEFENSE

The complaint fails to join a party under Rule 19 of the Alabama Rules of Civil Procedure.

## FIFTEENTH DEFENSE

This Defendant pleads the doctrine of "unclean hands."

## SIXTEENTH DEFENSE

USAA CIC pleads the applicable statute of limitations.

## SEVENTEENTH DEFENSE

USAA CIC pleads the doctrine of laches.

## EIGHTEENTH DEFENSE

USAA CIC acted in good faith.

## **NINETEENTH DEFENSE**

The Plaintiffs' claim for punitive damages violates the United States Constitution and the Constitution of the State of Alabama.

## **TWENTIETH DEFENSE**

An award of punitive damages under Alabama law would violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 22, 27, and 35 of the Alabama Constitution, separately and severally on the following grounds as well as others:

(a) An award of punitive damages would violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution by imposing punitive damages, which are penal in nature, against a civil defendant based upon a burden of proof which is less than beyond a reasonable doubt as required in criminal cases.

(b) An award of punitive damages against multiple defendants for different alleged acts of wrongdoing without regard to the nature of the alleged wrongdoing of each separate defendant, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c) There is no reasonable limit on the amount of an award of punitive damages.

(d) There are no specific standards for the amount on an award of punitive damages.

(e) An award of punitive damages would result in the imposition of a fine in excess of the maximum criminal fine for the same or similar conduct.

(f) An award of punitive damages would impose excessive fines in violation of the Eighth Amendment of the United States Constitution.

(g) Alabama law allows arbitrary and capricious imposition of punitive damages by a jury.

(h) An award of punitive damages would be unconstitutionally vague.

## TWENTY-FIRST DEFENSE

The procedures pursuant by which punitive damages are awarded in Alabama permit the imposition of an excessive fine in violation of the Alabama and United States Constitutions.

## TWENTY-SECOND DEFENSE

An award of punitive damages would violate rights afforded by Article I, Section 6 of the Alabama Constitution since it would be a deprivation of property without due process of law.

## TWENTY-THIRD DEFENSE

An award of punitive damages in a civil action based upon the burden of proof in civil cases would deprive constitutional rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 1, 6 and 22 of the Alabama Constitution by depriving property without due process of law since punitive damages amount to a fine or the equivalent of criminal punishment and should be subject to the same burden of proof that applies in criminal prosecution.

## TWENTY-FORTH DEFENSE

An award of punitive damages in a civil action operates as a deprivation of property without due process of law in violation of rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution since an award of punitive damages amounts to punishment and a fine which should only be administrated within the criminal justice system.

## TWENTY-FIFTH DEFENSE

Alabama law gives standardless discretion to a jury to determine the severity of punishment in the course of awarding punitive damages and violates constitutional rights afforded under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution by depriving property without due process of law.

## TWENTY-SIXTH DEFENSE

An award of punitive damages would violate constitutional safeguards provided under the Due Process Clause of the Fourteenth Amendment of the United States Constitution since the criteria for awarding punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-SEVENTH DEFENSE

An award of punitive damages would violate Article 1, Section 6 of the Alabama Constitution which provides that no person shall be deprived of life, liberty, or property except by due process of law since punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-EIGHTH DEFENSE

An award of punitive damages under Alabama law would violate constitutional due process rights afforded by the Fifth and Fourteenth Amendments to the United States Constitution and by the due process provisions of Article 1, Section 6, of the Alabama Constitution.

## TWENTY-NINTH DEFENSE

An award of punitive damages in this case based on any consideration other than each separate defendant's conduct with respect to the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment to the United States Constitution as incorporated into the Fourteenth Amendment and the applicable Alabama constitutional provisions providing for due process in Article 1, Section 6, and for double jeopardy in Article I, Section 9.

## THIRTIETH DEFENSE

The lack of definite standards and meaningful criteria for the award of punitive damages under Alabama law is inconsistent with due process and violates rights afforded by the Fifth and Fourteenth Amendments to the United States Constitution by depriving property without due process of law and denying equal protection of the laws.

## THIRTY-FIRST DEFENSE

An award of punitive damages under Alabama law which is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, regarding the amount of punitive damages that a jury may impose would violate due process rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and by the due process provisions of Article I, Section 6, of the Alabama Constitution.

## THIRTY-SECOND DEFENSE

An award of punitive damages would violate the Eighth Amendment of the United States Constitution since punitive damages would be an excessive fine in violation of the excessive fines Clause of the Eighth Amendment to the United States Constitution.

## THIRTY-THIRD DEFENSE

An award of punitive damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and the Alabama constitutional provisions providing for due process.

## THIRTY-FOURTH DEFENSE

An award of punitive damages based upon the principal of joint and several liability would be an excessive fine imposed in violation of rights afforded by the Eighth Amendment and the Fourteenth Amendment of the United States Constitution.

## THIRTY-FIFTH DEFENSE

An award of punitive damages under the law of Alabama which provides only for the imposition of a single assessment of damages against joint tortfeasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish an impermissible classification against defendants for different acts of negligence, wantonness, misrepresentation, fraud, or other wrongdoing that a defendant did not commit would violate rights afforded by the Fourteenth Amendment to the United States Constitution, and by provisions of Alabama Constitution, which require that the state afford all persons equal protection of the law.

## THIRTY-SIXTH DEFENSE

An award of punitive damages would violate safeguards provided under the Sixth Amendment to the United States Constitution since punitive damages are penal in nature and should be subject to the same procedural safeguards that apply to criminal prosecution.

## THIRTY-SEVENTH DEFENSE

An award of punitive damages would violate rights afforded by the United States Constitution and the Alabama Constitution by awarding damages which are penal in nature by only requiring a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## THIRTY-EIGHTH DEFENSE

The law of Alabama, by allowing a jury to assess punitive damages without established guidelines and/or standards for the exercise for a jury's discretion allows a jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and violates the constitutional principal of separation of powers with respect to the United States Constitution and the Alabama Constitution, Article III, Sections 42 and 43.

## THIRTY-NINTH DEFENSE

An award of punitive damages on any basis which is not proportionate to culpability or wrongdoing of a particular defendant amounts to a grossly

disproportionate award in violation of principals underlying an award of punitive damages, defeating the purpose of an award of punitive damages, and violates rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution since such an award amounts to a deprivation of property without due process of law in violation of constitutional rights and is an excessive fine.

## **FORTIETH DEFENSE**

An award of punitive damages would violate the self-incrimination clause of the Fifth Amendment of the United States Constitution since those damages are penal in nature although defendants are required to testify and disclose documents and other evidence without the safeguard against self-incrimination set out in the Fifth Amendments to the United States Constitution.

## **FORTY-FIRST DEFENSE**

The plaintiffs' demand for punitive damages violates the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty, or property, except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

## **FORTY-SECOND DEFENSE**

There is no basis for an award of punitive damages as required by Alabama Code §6-11-20 (1975).

### FORTY-THIRD DEFENSE

Any award of punitive damages is limited by Alabama Code §6-11-21 (1975).

### FORTY-FORTH DEFENSE

USAA CIC pleads all applicable exclusions under the policy.

### FORTY-FIFTH DEFENSE

USAA CIC pleads all terms and conditions under the policy. USAA CIC reserves the right to assert specific policy defenses and exclusions.

### FORTY-SIXTH DEFENSE

USAA CIC pleads an intentional act by the insured.

### FORTY-SEVENTH DEFENSE

USAA CIC pleads misrepresentation in the claim.

### FORTY-EIGHTH DEFENSE

USAA CIC pleads misrepresentation in the application.

### FORTY-NINTH DEFENSE

USAA CIC pleads concealment.

### FIFTIETH DEFENSE

USAA CIC pleads all basis for the denial set forth in the letter to the plaintiffs of March 19, 2020 and May 26, 2020.

**WHEREFORE, PREMISES CONSIDERED**, Defendant USAA CIC denies the allegations of Plaintiffs' Complaint and demands judgment in its favor.

        Respectfully submitted,

        *s/ James L. Pattillo*
        James L. Pattillo (PAT061)
        Attorney for Defendant

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Facsimile: (205) 328-7234
Email: JLP@csattorneys.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants:

Aaron M. Wiley
A. Perkins Law Firm
4000 Eagle Point Corporate Drive
Birmingham, AL 35242
Office: (205) 994-2261
Fax: (205) 876-8229
allen@aperkinslawfirm.com

        *s/ James L. Pattillo*
        OF COUNSEL