IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ANNIE ALLEN, <br> EAMON WALSH <br><br> Plaintiffs <br><br> v. <br><br> USAA CASUALTY INSURANCE COMPANY <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:21-cv-01425-AKK <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S RESPONSE TO DEFENANT'S PARTIAL MOTION
TO DISMISS CLAIM FOR ATTORNEYS' FEES**

COMES NOW, Annie Allen and Eamon Walsh, the Plaintiffs in the above styled cause (herein referred to as "Plaintiff" or "Plaintiffs"), by and through counsel, Allen Perkins and the A. Perkins Law Firm, LLC. Plaintiffs file this Response to USAA Casualty Insurance Company's (herein referred to as "Defendant") Partial Motion to Dismiss Claim for Attorneys' Fees. Plaintiff offers the Court the following:

1. Since the Plaintiff's recovery of attorneys' fees by contractual agreement or by statutory provision is not available, then we must examine whether equitable considerations offer the potential for recovery.

    a. First, because the insurance policy at issue does not make provision for recovery of attorneys' fees, then the Plaintiff concedes no contractual relief is available. Next, as the Defendant indicates, the Plaintiff has pointed to no statutory authority (Doc. 3, p. 2) for recovery of attorney fees, and again, the Plaintiff readily concedes there is no

statutory authority under Alabama law. Finally, the Plaintiff takes exception to the Defendant's conclusion that "[i]f there is any right to recover attorneys' fees, it must be through statutory authority." (Doc 3, p. 1,2). However, in certain limited circumstances, courts have awarded attorneys' fees, but we must examine whether those circumstances exist in this case.

b. In *Reynolds v. First Alabama Bank of Montgomery,* 471 So.2d 1238 (Ala. 1985), the Alabama Supreme Court, in quoting from *Sprague v. Ticonic Nat. Bank, et al.,* 307 U.S. 161, 166 (1939), indicated that "[f]ederal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice require." *Reynolds* at 1242. The Alabama Supreme Court went on to explain some circumstances when equity might justify an award of attorneys' fees: "Thus, it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons'.". *Id*.

c. Because the Plaintiff's claim is based in part on abnormal bad faith where an insurer creates "[i]ts own debatable reason for denying the plaintiff's claim," *State Farm Fire & Cas. Co. v. Slade* 747 So.2d 293, 306 (1999), then the actions taken by the Defendant must be examined before concluding whether those actions would support equitable relief. However, since this matter has just begun, no discovery taken place, and no facts beyond the initial pleadings where the Defendant was alerted to a potentially debatable contract term, then we cannot know with any level of confidence whether the actions of the Defendant would give rise to equitable relief. Moreover, when the Court accepts the facts pleaded in Plaintiff's complaint as true,

*Bell Atlantic Corp. v. Twombly*, U.S. 550, 555 (2007), then the Plaintiff has pleaded an element of bad faith. Finally, at such an appropriate time, the Plaintiffs welcome an opportunity to reexamine whether new facts would continue to support their equitable claim for recovery of attorneys' fees.

2. Since this court: (i) has the legal authority and power to award attorneys' fees in equity where justice requires; (ii) there is precedent for awarding attorneys' fees even in the absence of a contractual or statutory basis where a defendant acted in bad faith; and (iii) insufficient facts exist at this time to judge whether the balance of equities support an award of attorneys' fees, then the Defendant's motion to dismiss the Plaintiff's claim for attorney's fees should be dismissed.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff shows this court does have the power to award attorneys' fees; however, the Plaintiffs believe it is premature to dismiss its claim for attorneys' fees, and respectfully requests the Court to deny the Defendant's Partial Motion to Dismiss Claim for Attorneys' Fees.

          Respectfully submitted,

          <u>/s/ Allen Perkins</u>          .
          Alabama State Bar: ASB-8355-A59P
          Counsel for the Plaintiff
          4000 Eagle Point Corporate Drive
          Birmingham, AL 35242
          Office: (205) 994-2261
          Mobile: (205) 441-2427
          Fax: (205) 876-8229
          E-mail allen@aperkinslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to counsel of record.