IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNIE ALLEN, <br> EAMON WALSH; <br><br>     Plaintiff <br> v. <br><br> USAA CASUALTY INSURANCE <br> COMPANY <br><br>     Defendant. | ) <br> ) <br> ) <br> )   CASE NO.: <br> ) <br> )   2:21-CV-01425-AKK <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS RECOVERY OF ATTORNEYS' FEES

COMES NOW, USAA Casualty Insurance Company ("USAA CIC" or "the Defendant") and Replies to the Plaintiffs' Response to Defendant's Partial Motion to Dismiss as follows:

Both parties rely on *Reynolds v. First Alabama Bank of Montgomery, N.A.*, 471 So. 2d 1238 (Ala. 1985) in support of their respective positions regarding attorneys' fees. *Compare* Doc. 3 *with* Doc. 6. The Alabama Supreme Court explicitly stated, in accordance with the American Rule, "attorney's fees are recoverable only where authorized by statute, when provided by contract, or by special equity, such as where a [common] fund is created out of which fees may be paid. *See Reynolds v. First Alabama Bank of Montgomery, N.A.*, 471 So. 2d 1238 (Ala. 1985) (quoting *Eagerton v. Williams*, 433 So. 2d 436 (Ala. 1983) (citations

1

omitted)) (emphasis added). However, the Plaintiff readily concedes that neither statutory nor contractual authorities are applicable to this case. *See* Doc. 6. Thus, a closer look at *Reynolds* is necessary to determine whether the "special equity" exception to the American Rule regarding attorneys' fees is applicable.

Although the *Reynolds* Court ultimately affirmed the trial court's award of attorneys' fees, it did so on completely distinguishable facts from the present case. First, *Reynolds* was filed as a class declaratory judgment action by "1,250 individual trust beneficiaries against their paid trustee seeking a declaration as to the duty of the bank and its liability to account, a declaration that certain investments were imprudent, and affirmative relief requiring the bank to restore to the common trust the losses sustained because of the bank's improper investments." *See Reynolds*, 471 So. 2d at 1241. As such, the Alabama Supreme Court recognized that *Reynolds* was "essentially an equitable proceeding." In contrast, the Plaintiffs here have pled the common law tort of bad faith. *See* Ex. A. to Doc. 1. Accordingly, the Plaintiffs in this case are seeking a legal rather than an equitable remedy.

Additionally, *Reynolds* examined the duties of a trustee to trust beneficiaries and stated there was "ample authority in the exception to the American rule to justify the shifting of litigation costs from the beneficiaries to their paid trustee." *See Reynolds*, 471 So. 2d at 1244. Plaintiffs here have cited to no authority recognizing the award of attorneys' fees in a common law bad faith case.

While *Reynolds* did recognize precedent stating "a federal court may award counsel fees to a successful party when his opponent has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons,'" merely pleading bad faith as a cause of action does not automatically entitle a party to attorneys' fees. *See Reynolds*, 471 So. 2d at 1241 (quoting *Hall v. Cole*, 93 S. Ct. 1943 (1973) (citing 6 J. Moore, Federal Practice para. 54.77[2], p. 1709 (2d ed. 1972))). In fact, quite the opposite is true. Moore explains that courts "have struggled with the issue of what conduct may be examined in assessing whether the litigant is guilty of bad faith" and champions an approach that "a finding of bad faith may be based only on conduct relating to the litigation." *See* 10 Moore's Federal Practice - Civil § 54.171(2)(c)(ii) (2021). The 11th Circuit endorses this approach. *See e.g., Woods v. Barnett Bank of Ft. Lauderdale*, 765 F.2d 1004 (11th Cir. 1985) (affirming the trial court's refusal to award attorney's fees related to the Bank's failure to turn over $50,000 in certificates of deposit because that failure did not violate a court's order); *Barton v. Drummond Co.*, 636 F.2d 978, 986 (5th Cir. 1981) (Unit B) (stating "[t]he bad faith or vexations conduct must be part of the litigation process itself.")[1].

Analyzing a party's conduct related to the litigation, as opposed to conduct forming the basis of the cause of action itself, inherently makes sense because to do

---

[1] The 11th Circuit is bound by all decisions of the former 5th Cir., Unite B. *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

otherwise "would be a virtual abrogation of the American Rule."  *See* 10 Moore's Federal Practice - Civil § 54.171(2)(c)(ii) (2021).  Moore provides the example that "a defendant found liable for fraud would automatically be guilty of bad faith with respect to the underlying cause of action, thus abrogating the American Rule in all successful fraud actions.  *See id*.  "Such complete abrogation is not the purpose of the bad faith exception [to the American Rule]."  *See id*.

Accordingly, even under a "special equity" analysis, the Plaintiffs here are not entitled to attorneys' fees merely because they have pled a bad faith cause of action. Moreover, because there is no statutory or contractual authority applicable to award attorneys' fees in this case, the Plaintiffs are not entitled to recover attorneys' fees. For this reason, Defendant's Partial Motion to Dismiss is due to be Granted.

    Respectfully submitted,

    s/ *James L. Pattillo*
    James L. Pattillo (PAT061)
    Priscilla K. Williams (WIL441)
    Attorneys for Defendant USAA CIC

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone:  (205) 795-6588
Facsimile:  (205) 328-7234
Email: JLP@csattorneys.com
Email: PKW@csattorneys.com

## **CERTIFICATE OF SERVICE**

Unless otherwise serve by the Alafile system, I do hereby certify that a copy of the above and foregoing instrument was served on the following by placing a copy of same in the United States Mail, first class postage pre-paid and properly addressed on November 19, 2021:

Allen Perkins
A. Perkins Law Firm
4000 Eagle Point Corporate Drive
Birmingham, AL 35242
Office: (205) 994-2261
Fax: (205) 876-8229
allen@aperkinslawfirm.com

*s/ James L. Pattillo*
OF COUNSEL